# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0089V
Filed: August 10, 2018
UNPUBLISHED

| | |
|---|---|
| JANICE KILPATRICK,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On January 23, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of a Prevnar 13 pneumococcal vaccine on November 12, 2015. Petition at 3. On May 24, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 43.)

  On July 20, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 47). Petitioner requests attorneys' fees in the amount of $33,855.50 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,725.32.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2. Thus, the total amount requested is $35,580.82.

On August 3, 2018, respondent filed a response to petitioner's motion.  (ECF No. 48).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On August 6, 2018, petitioner filed a reply.  (ECF No. 49).  Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.6 hours[3] was billed by paralegals on tasks considered administrative including, opening and setting up client files, organizing client file and sending correspondence. For these reasons the undersigned will **reduce the attorney's fees request in the amount of $189.00**.[4]

The undersigned also notes two duplicated billing entries; March 2, 2017 (0.30 hrs) "Prepare, draft and send second request for medical records. Update case file accordingly." and April 25, 2018 (0.10 hrs) "Receive and review correspondence from accounting department regarding Seaview Orthopedic and respond accordingly. Update

---

[3] Examples of these entries include: December 22, 2015 (1.0 hrs) "Open and organize new client file.", February 29, 2016 (0.10 hrs) "Send out correspondence for records from Healthport. Update case file accordingly." and March 3, 2017 (0.10 hrs) "Submit correspondence to Barnabas Health rejecting no record search fee. Update case file accordingly." These entries are merely example and are not exhaustive.

[4] This amount consists of 1.0 hours at $105 per hour, 0.3 hours at $135 per hour and 0.30 hours at $145 per hour.

2

case notes." (ECF No. 47-1 at 12 and 26). These entries total 0.40 hours. The undersigned **reduces the request for attorney's fees by $35.80**, the total amount of the duplicated entries.

The full amount of costs sought, $1,725.32 is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>35,356.02</u>[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amber Diane Wilson. Petitioner requests check be forwarded to 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.